# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 733 | **DATE** | 3/11/11 |
| **CASE TITLE** | LUCASFILM LTD. *et al.* v. SKYWALKER OUTDOOR, INC., *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' motion to modify or vacate a default judgment [38] is granted as to Michael Richards and denied as to Skywalker Outdoor, Inc. The January 5, 2011 order of default and permanent injunction against Michael Richards is vacated. **SEE BELOW FOR DETAILS.**

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On February 3, 2010, Lucasfilm Ltd. and Lucasfilm Entertainment Company Ltd. (collectively, "Lucasfilm") filed a complaint against Skywalker Outdoor, Inc. On April 14, 2010, the case was dismissed without prejudice due to a settlement. On September 1, 2010, Lucasfilm moved to reinstate and for leave to file an amended complaint against Skywalker and Michael Richards. The court granted the motion on September 14, 2010. Urban Core Outdoor, Inc. was not named a defendant in the amended complaint. Skywalker did not answer or otherwise respond to the amended complaint. On December 23, 2010, Lucasfilm moved for default judgment and for a permanent injunction against Skywalker and Richards. At the hearing on January 5, 2011, neither defendant nor their counsel appeared. The court entered an order of default judgment and a permanent injunction on January 5, 2011. Skywalker and Richards move to vacate the January 5, 2011 order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and 735 ILCS 5/2-1301.

A court may amend a judgment if a manifest error of law or newly discovered evidence is shown. Fed. R. Civ. P. 59(e); *Heyde v. Pittenger*, – F.3d –, 2011 WL 67781, *8 (7th Cir. Jan. 11, 2011). The parties agree a summons was not issued for Richards. This court has no personal jurisdiction over Richards. The January 5, 2011 order was entered in error against Richards.

In seeking Rule 59(e) relief, Skywalker argues it did not receive sufficient notice of the hearing on the default judgment motion. The motion was filed and served via overnight delivery on December 23, 2010. Seven days notice of a default judgment hearing is required. Fed. R. Civ. P. 55(b)(2). Because service was made via overnight delivery, three days are added to the time required under Rule 55(b)(2). Skywalker received more than ten days notice of the January 5, 2011 hearing. Without citing any authority, Skywalker also contends the court erred in not conducting a hearing on damages before entering the default judgment order. Pursuant to Rule 55(b)(2), the court may, but is not required, to hold a hearing to determine damages.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

Similarly, 15 U.S.C. § 1117 provides, "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117. Lucasfilm attached the affidavit of David Anderman, its general counsel, to its default judgment motion to support its damages claim. Skywalker did not appear at the January 5, 2011 hearing to contest the motion. Skywalker has not alleged a manifest error of law to warrant vacating the default judgment under Rule 59(e).

Skywalker contends it believed its counsel would attend the January 5, 2011 hearing because no motion to withdraw had been filed. Rule 60(b)(1) permits relief from judgments due to "mistake, inadvertence, surprise or excusable neglect." An attorney's inattentiveness does not constitute excusable neglect to satisfy Rule 60(b)(1). *Easley v. Kirmsee*, 382 F.3d 693, 697-98 (7th Cir. 2004). The email exhibits attached to Skywalker's motion show it knew as of August 4, 2010 that its former counsel was no longer serving as its attorney because of Skywalker's repeated failures to communicate with counsel. Although Skywalker's former counsel did not file a motion to withdraw until February 3, 2011, Skywalker took no steps to confirm his attendance at the January 5, 2011 hearing despite receiving actual notice of the hearing. *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) (Rule 60(b) relief is not warranted "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities"). Skywalker has not established mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1).

Skywalker's remaining arguments are without merit. First, Skywalker cites 735 ILCS 5/2-1203 and 735 ILCS 5/2-1301 to support vacating the default judgment. The state procedural rules are inapplicable. *Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, *6 (N.D. Ill. Sept. 2, 1997) (Grady, J.). Second, Skywalker contends Lucasfilm does not have standing to sue because Lucasfilm allegedly has not registered to do business in Illinois. Skywalker misapprehends the law of standing. Lucasfilm has been "under threat of suffering 'injury in fact' that is concrete and particularized; the threat [was] actual and imminent, not conjectural or hypothetical; it [was] fairly traceable to the challenged action of the defendant; and it [was] likely that a favorable judicial decision [would] prevent or redress the injury." *Summers v. Earth Island Institute*, – U.S. –, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). Third, Skywalker argues it has a meritorious defense. By failing to participate in the litigation, Skywalker waived the right to raise defenses to Lucasfilm's amended complaint. *Zuelzke*, 925 F.2d at 230.

*[Signature: Suzanne B. Conlon]*