# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 733 | **DATE** | 9/22/2011 |
| **CASE TITLE** | LUCASFILM LTD. *et al.* v. SKYWALKER OUTDOOR, INC. | | |

**DOCKET ENTRY TEXT**

After considering defendant's objections, the court adopts Magistrate Judge Mason's Report and Recommendation [66]. Plaintiffs' motion for attorneys fees [58] is granted in part. Plaintiffs are awarded $77,776.50 in attorneys' fees and $7,303.71 in related nontaxable costs. **SEE BELOW FOR DETAILS.**

■ [ For further details see text below.]

*Suzanne B. Conlon*

Notices mailed by Judicial staff.
cc: Magistrate Judge Mason

## STATEMENT

Lucasfilm Ltd. and Lucasfilm Entertainment Company Ltd. sued Skywalker Outdoor, Inc., d/b/a/ Urban Core Outdoor, Inc., for trademark violations and related claims. Plaintiffs were granted a default judgment and permanent injunction against Skywalker Outdoor. The judgment included an award of attorneys' fees and costs. Plaintiffs' subsequent motion for attorneys' fees was referred to Magistrate Judge Mason for a report and recommendation. Judge Mason recommended granting the motion in part and denying the motion in part. Dkt. No. 66. Skywalker Outdoor timely objects to part of the report and recommendation.

Motions for attorneys' fees referred to magistrate judges are considered dispositive matters. *Zaborowski v. Sheriff of Cook County*, No. 08 C 6946, 2010 WL 3998784, at *1 (N.D. Ill. Oct. 12, 2010) (St. Eve, J.). Therefore, the court reviews *de novo* portions of the report and recommendation that have been properly objected to. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(2); *Schur v. L.A. Weight Loss Ctrs. Inc.*, 577 F.3d 752, 760–61 (7th Cir. 2009). After considering the record anew, the court may accept, reject, or modify the magistrate judge's recommendation. FED. R. CIV. P. 72(b)(3).

Skywalker Outdoor objects to the amount of time Judge Mason allowed for the drafting of the complaint. Three attorneys billed approximately 21 hours total to draft the original complaint. One attorney, M. Reed, billed 2.3 hours on complaint and pre-complaint activities, but then had no more involvement in the case. Judge Mason concluded that 21 hours was not an excessive amount of time to draft and file the complaint. The seven-count complaint was 15 pages long and included six exhibits. Judge Mason rejected Skywalker Outdoor's argument that the hours were excessive in light of the attorneys' familiarity with filing trademark cases and the purported routine nature of this complaint. Previous experience would not allow

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

shortcuts in drafting the fact section and researching the seven counts as applied to this case. Judge Mason noted that Reed's time might have been unnecessary in hindsight, but the time she billed was not unreasonable or excessive.

Skywalker Outdoor's initial argument about the evidentiary foundation for the petition is unfounded. The cited cases relate to the evidentiary requirements for determining reasonable hourly rates for the attorneys when those rates are contested. *See Aetna Group USA, Inc. v. AIDCO Int'l, Inc.*, No. 10-15424, 2011 WL 2505562 (11th Cir. 2011) (unpublished decision); *Overly v. Global Credit & Collection Corp.*, No. 1:10-CV-2392, 2011 WL 2651807 (M.D. Pa. July 6, 2011) (Carlson, Mag. J.). Here, the attorneys' hourly rates are uncontested.

Skywalker Outdoor argues the time allowed for the complaint should be reduced, contending some claims were unnecessary. Skywalker Outdoor seems to argue that these claims are "unsuccessful" and that time billed on them are uncompensable. *See Hensley v Eckerhart*, 461 U.S. 424, 440 (1983). It is too late for Skywalker Outdoor to contest the validity of the claims. It did not answer the complaint and defaulted, establishing its liablity on each alleged claim. *United States v. Di Mucci*, 879 F2d 1488, 1497 (7th Cir. 1989).

Finally, Skywalker Outdoor argues the case was overstaffed and the attorneys unnecessarily prolonged drafting the complaint. The hours expended on the case must be reasonable. *Hensley*, 461 U.S. at 433–34; *RK Co. v. See*, 622 F.3d 846, 854 (7th Cir. 2010). The time sheets reveal that attorney B. Dahlin billed the majority of the hours for drafting the complaint, and attorney S. Durchslag billed less than five. The practice of having one attorney draft the complaint and another assist is unobjectionable. Nor is the time billed excessive. The two of them together billed less than 20 hours on the complaint. Even though Dahlin and Durchslag may have drafted similar complaints in the past, each complaint must be tailored to the specifics of that case and attorneys have a duty to reasonably investigate and research each asserted claim.

Reed's time is a closer call because plaintiffs do not explain her role in the case. However, the court agrees with Judge Mason that her time was not unreasonable or excessive. The billing records show Reed spent one hour drafting a cease and desist letter to defendants, one hour reviewing the complaint and Skywalker trademark status, and 0.3 hours reviewing the complaint and amendments and drafting a cover letter. In hindsight, Reed's review may not have been necessary. But at the time of the complaint's preparation, plaintiffs had no way of knowing whether Skywalker Outdoor would contest the lawsuit. Plaintiffs should not be faulted for careful preparation in the beginning when there is no pattern of excessive or duplicative billing. Reed's time is reasonable.

The court adopts Judge Mason's report and recommendation. Plaintiffs are awarded $77,776.50 in attorneys' fees and $7,303.71 in related nontaxable costs.

*Suzanne B. Carlin*